IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN VIECHEC,

       Plaintiff,

v.                                                                                           CV 05-1245 BB/WPL

SPX CORPORATION d/b/a TPS
Thermal Product Solutions and
Tenney Environmental, a foreign
corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER
ON SPX CORPORATION'S
MOTION TO COMPEL DISCOVERY**

       John Viechec claims he was injured on January 21, 2004 when a section of ductwork was dropped on his head, which caused injury to his spinal cord and other parts of his body. To defend against Viechec's claim, SPX Corporation sought to obtain copies of all x-rays taken of Viechec. Viechec produced copies of medical records in his possession and executed a medical release so that SPX could obtain other records directly from his medical providers. Both Viechec and SPX have been unable to locate two sets of x-rays: cervical spine x-rays taken October 18, 2002, and cervical and thoracic spine x-rays taken August 8, 2004. SPX has moved to compel production of these x-rays. (Doc. 26.) SPX also requests that, if Viechec refuses or fails to produce the x-rays, I find that the spoliation of evidence doctrine applies, so that all inferences are to be made against Viechec as to what those images would show. (*Id*. at 5-6.)

       On two different occasions Viechec had possession of some of his x-rays. On November 13, 2002 Viechec picked up CT and x-ray films of his facial features from Los Alamos Medical Center

to deliver to Dr. Bratton. SPX admits that the November 13, 2002 authorization for release of x-rays does not specifically state that Viechec checked out the missing October 18, 2002 x-rays of the cervical spine, and further admits that it appears that the films that Viechec checked out on November 13, 2002 were back in the possession of Los Alamos Medical Center by March 24, 2004. (Doc. 37 at 4.) The North Texas Spine Center notes show that Viechec "checked out some films on September 29, 2005 to take to an IME." (Doc. 26, Ex. D at 2.) What films he checked out, and what happened to them, are unknown.

The usual method of compelling production of documents from a non-party is by a subpoena issued under Rule 45. FED. R. CIV. P. 45; *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006). SPX asserts that Viechec has "possession, custody or control" of the x-rays under Rule 34(a) and should be ordered to produce them. There is scant legal authority on point, and the authority reflects divergent views on this issue. The closest case on point is *Greene v. Sears, Roebuck & Co.*, 40 F.R.D. 14 (N.D. Ohio 1966), where Sears requested that Greene produce all medical records from his treating doctors. The court denied Sears' request, finding that Greene did not have possession, custody or control of records that were maintained by the doctors who treated him. *Id.* at 16.

*Greene* was decided forty years ago, and recent cases have taken a more expansive view of the terms "possession, custody or control." For purposes of Rule 34, documents are deemed to be in a party's possession, custody or control if that party has actual possession, custody or control of the materials or has the legal right to obtain the documents on demand. *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000). Some courts have construed the term "control" more broadly to include the practical ability to obtain the materials sought upon demand. *Klesch*, 217 F.R.D. at 520;

2

*Prokosch*, 193 F.R.D. at 636.  Yet, other cases have rejected this broader construction of "control." *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426-27 (7th Cir. 1993).

Viechec asserts that he cannot be compelled to produce x-rays that do not exist, and there is authority to support this argument. *See Rodriguez v. Union Pacific Railroad*, 2006 WL 898152, at *4 (D. Neb. April 6, 2006) (unpublished); 8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2210 (2d ed. 1994). SPX argues that it cannot rely upon Viechec's representations that he does not have the missing x-rays. SPX questions Viechec's credibility, and relates that Viechec was able to produce certain records not previously produced after he was directed to make a good faith search of certain boxes that he had not unpacked after his move from Los Alamos to Texas. Absent evidence that Viechec is withholding discoverable documents, I must accept his representation that he has produced all materials that are discoverable because I have no means to test the veracity of his statements. *See Prokosch*, 193 F.R.D. at 637. Appropriate sanctions may be imposed upon a party who improperly responds to discovery requests. *Id.*

I will order Viechec to immediately search his records, including all boxes that he moved to Texas, to see if he has possession of the missing x-rays. If he does, those x-rays shall be turned over to SPX. If he does not, he shall execute and deliver to SPX an affidavit that verifies under oath that he searched for the x-rays and was unable to find them. Production of the x-rays or execution of the affidavit shall be completed by September 5, 2006. SPX's Motion to Compel Discovery is otherwise denied.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

4